UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DALE CLAYTON ESTEY,

    Petitioner,

v.                                            Case No. 4:22cv398-WS-HTC

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se* and *in forma pauperis*, initiated this matter in the Middle District of Florida by filing a petition under 28 U.S.C. § 2241, ECF Doc. 1, which was transferred to the Northern District, ECF Doc. 3. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases because this Court should abstain under *Younger*[1] from interfering in his pending state criminal case.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

## I.  BACKGROUND

According to the Marion County court records,[2] Petitioner was arrested on August 10, 2021, for possession of methamphetamine and has been in pretrial detention since that time.  He was charged by Information in Marion County Cir. Ct. case 2021 CF 2906, and his counsel moved on September 20, 2021, for a competency hearing because he had been found incompetent in another case.  On November 8, 2021, the court found him incompetent to proceed and he was committed to the custody of the Florida Department of Children and Families.

On February 28, 2022, his counsel moved to have him re-evaluated for competency.  The next day, the court granted the motion and ordered an expert to examine him.  The expert did so and filed the psychological exam and competency evaluation on April 6, 2022.  The next day, the court set the matter for a May 11, 2022 hearing, which was held and at which he was found to be competent.  A trial was scheduled for June 13.  An order memorializing the finding was entered May 20, 2022.

However, shortly thereafter, Petitioner made some questionable statements in court, which caused the judge and defense counsel to question his competency.  The

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records in Marion County Cir. Ct. Case No. 2021 CF 2906, which are available at https://www.civitekflorida.com/ocrs/county/42/.

trial was continued, and on June 30, 2022, defense counsel moved for a competency exam. The next day, the court set a hearing for August 29, 2022, and ordered a psychiatric evaluation of Petitioner. The report of the evaluation was filed on July 8 and 11, the hearing was held on August 29, and on August 30, 2022, the state court found Petitioner incompetent to stand trial.

## II. LEGAL STANDARD

Under Rules Governing § 2254 Cases,[3] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Habeas Cases, Rule 4. If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

## III. DISCUSSION

In the petition, Petitioner seeks dismissal of the charges he faces for possessing methamphetamine. ECF Doc. 1 at 8 (requesting "that this court dismiss the charge and discharge the Defendant from confinement or custody of the State of

---

[3] These Rules apply to petitions under 28 U.S.C. § 2241. Rules Governing Habeas Cases, Rule 1(b) provides, "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Also, N.D. Fla. Loc. R. 5.7(C) provides, "The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254."

Florida"). Although a challenge to state pretrial detention is properly brought by a petition under § 2241, *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), such claims are generally barred by the *Younger* doctrine. Thus, "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin or interfere with a pending state criminal proceeding unless an injunction is necessary to prevent immediate irreparable injury. *Id.* at 53-54. As the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

To determine whether *Younger* applies, a court looks at the following factors developed in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982): (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal

claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Id.* at 432.

Applying the factors, the undersigned finds this Court should abstain from exercising jurisdiction over the petition. First, by requesting a dismissal of his state court criminal charges, for which he has not even been tried, it is clear that if the Court were to intercede, it would be interfering with an ongoing state judicial proceeding. Second, the state proceedings implicate important state interests because state governments have an important interest in prosecuting alleged crimes, protecting public safety, and punishing criminal offenders. *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2501-02 (2022); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). "It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government." *Patterson v. New York*, 432 U.S. 197, 201 (1977).

Third, Petitioner does not lack an adequate state forum in which to raise his claims. "An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014); *see Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). The burden is on Petitioner to show the state procedure is inadequate, and Petitioner has not done so. Here, Petitioner seeks a dismissal of the charges on the following three (3) grounds: (1) the court waited too

long to have a court hearing on his competence after receiving a letter on April 5, 2022, from the facility that had custody of him during his first incompetency stint; (2) his counsel was ineffective at the May 11, 2022 competency hearing by speaking openly of attorney-client conversations; and (3) he is being held at Florida State Hospital pursuant to findings after an August 29 hearing when the court should have sentenced him under Fla. § 393.11.  Petitioner has not asserted there is a procedural bar to raising these arguments with the state court.  Regardless, a claim of ineffective assistance of counsel is one that can be raised before the state courts, and, to the extent Petitioner is contending he has been denied a speedy trial, that in itself "is not a legitimate basis on which to enjoin a state criminal proceeding," particularly since Petitioner has not been deemed competent to proceed to trial.  *See Johnson v. Florida*, 32 F.4th 1092 (11th Cir. 2022).  Moreover, Petitioner is not seeking to be brought to trial; he is seeking a dismissal of the state charges.  *See id.* at 1099 (noting that *Younger* typically bars claims "which seeks discharge as a remedy for a speedy-trial violation").

Finally, there is no evidence of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.  The mere fact that Petitioner must defend himself in state criminal proceedings does not indicate he will suffer irreparable harm.  *Younger*, 401 U.S. at 46 ("[T]he cost,

anxiety, and inconvenience of having to defend against ... criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term.").

Habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, although a state pretrial detainee may file a section 2241 petition, such claims are "rare" and "extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) (finding double jeopardy to be such a "rare" and "extraordinary" claim). This case does not represent one of those "rare" or "extraordinary" claims.

## IV. CONCLUSION

As set forth above, the petition should be dismissed because the Court should abstain from interfering in Petitioner's pending state prosecution. A district court can dismiss an action on its own motion as long as the procedure employed is fair. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ a fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga.

2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Thus, this Report and Recommendation constitutes fair notice to Petitioner that his suit is due to be dismissed. Petitioner will have the opportunity to present objections to this finding, and the presiding district judge will review de novo properly submitted objections. *See* 28 U.S.C. § 636(b)(1). Therefore, a *sua sponte* dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition under 28 U.S.C. § 2241, ECF Doc. 1, be dismissed.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of December, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.